UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60051-CV-ALTMAN

**GOLDEN VASQUEZ**,

    *Petitioner*,

vs.

**FLORIDA DEPARTMENT
OF CORRECTIONS** *et al*.,

    *Respondents*.
_____/

## ORDER

Before the Hon. Roy K. Altman:

    The Petitioner, Golden Vasquez, filed what this Court has (generously) construed as a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition [ECF No. 1]; *see also* Magistrate Judge's Order to Show Cause [ECF No. 3] (treating the Petitioner's filing as arising under 28 U.S.C. §§ 2241 & 2254). The Petitioner,[1] a probationer, claims that the Florida Department of Corrections (FDOC) and the Florida Commission on Offender Review (COR) have violated her due process rights by miscalculating the length of her probationary sentence—specifically, by not giving her certain favorable sentencing designations to which (she says) she's

---

[1] The Petitioner has gone by the following aliases: Golden Cox, Golden M Cox, Golden Marie Cox, Goldenday Cox, Goldenday Marie Cox, Ramdeen Golden, Majorie Miers, Marjorie Miers, Jane Mighty, Joan Mighty, Golden Ramdeen, Golden M Ramdeen, Golden Marie Ramdeen, Goldenday Ramdeen, God Solomon, Godenday Marie Solomon, Golden Solomon, Goldenday Solomon, Goldy Solomon, Golen Solomon, Golen M Solomon, Dorothy Vasquez, Golden Vasquez, Golden M Vasquez, Golden Marie Vasquez, and Goldenday Vasquez. The Court takes judicial notice of these aliases from the Florida Department of Corrections' Offender Network database, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last accessed Nov. 30, 2020). *See* FED. R. EVID. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be question.").

entitled. *See* Pet. at 4 ("Violation by the Department by refusing to proper calculated prisoner sentencing and placed Ms. Vasquez on probation before she was release violated her due process. Furthermore, petitioner has not met the qualification for the prisoner control release probation. Petitioner had no intention in staying in Florida but to returned to her normal way of life in her of birth country. Calculation of Petitioner HFO sentencing by the Department is improper this would allow her to sever more time than what was impose by the court.") (errors in original).

But, because the Petitioner never exhausted her administrative remedies, her Petition must be **DENIED**. *See Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 563 (11th Cir. 2016) ("A § 2241 petition may properly proceed where the petitioner challenges the *execution* of his sentence. However, the petitioner must exhaust available administrative remedies before he can obtain relief.") (internal citations omitted); *Powell v. Jordan*, 159 F. App'x 97, 99 (11th Cir. 2005) (affirming district court's denial of a § 2241 petition, which challenged the conditions of probation, because the petitioner had failed to exhaust administrative remedies).

## THE FACTS

In 2006, a Florida jury convicted the Petitioner of Grand Theft in the First Degree. *See* State Court Judgment [ECF No. 7-1] at 2. Because the Petitioner was a habitual offender under Florida law, the state court sentenced her to 15 years in prison, *see* State Court Sentence [ECF No. 7-1] at 5–7, and the Fourth District Court of Appeal ("Fourth DCA") affirmed, *see* Fourth DCA Mandate [ECF No. 7-1] at 44. The Petitioner then filed at least *twenty* motions, pleadings, and petitions challenging her conviction and sentence, *see* Exhibits to State Response to Order to Show Cause [ECF No. 7-1] at 46–506—a barrage that prompted the state court to bar any of her future filings that (1) were *pro se* and (2) challenged her underlying criminal case, *see* September 2017 State Court Order [ECF No. 7-1] at 507–08.

On November 20, 2018, after the Petitioner had completed 13 years of her 15-year sentence, the FDOC "release[d]" her. Pet. at 1. Before letting her go, however, the FDOC officials informed her that "she couldn't leave the [S]tate of Florida because she will be placed on probation for a period of three (3) years." *Id.* at 2.

In this Petition, the Petitioner argues that her probationary period exceeds the maximum amount of probation permitted under Florida law—and thus violates her rights under the Due Process Clause. *See id.* at 2 ("Florida Statutes all prisoner assigned to the Department of Correction will allowed 85% of their sentenced, unless specific by the sentencing court.") (errors in original); *id.* at 3 ("The Department of Correction has taken it upon themselves to sentence petitioner to a term of three years (3) probation after the petitioner has served thirteen (13) in Florida State Prison.") (errors in original). The error, she claims, occurred because "the Department of [C]orrections & the Florida Commission [on O]ffender [R]eview states that the only reason I am placed on probation is to paid [sic] restitution according to their record." *Id.* at 2–3. According to the Petitioner's own recollection, though, the state court never required her to pay restitution as part of her sentence because the state judge "dismissed the case for restitution fines." *Id.* at 3.

The Respondent, for its part, agrees that the Petitioner owes no money for restitution—not because the state court dismissed the restitution claim, but because the State never pursued any restitution in the first place. *See* Response [ECF No. 6] at 7; Order Determining Restitution [ECF No. 7-1] at 391.[2] Nevertheless, the Respondent asks this Court to deny the Petition because the

---

[2] The Respondent also argues that, "while Petitioner alleges she is on probation and is being impermissibly supervised as she was never sentenced to Probation, Petitioner is actually being supervised on conditional release, pursuant to section 947.1405(2)(b) Florida Statutes (2018)." Response at 19. But this distinction does nothing to alter the Court's analysis of either (1) the "in custody" requirement or (2) the relevant administrative requirements. *See Oliver v. McNeil*, 2009 WL 1149289, at *5 (S.D. Fla. Apr. 29, 2009) ("Moreover, although released from confinement on conditional release supervision, Oliver remains 'in custody' for federal habeas corpus purposes.

Petitioner failed to exhaust her administrative remedies—namely, by not raising this issue with the proper administrative agency (the FDOC). *See* Response at 12–14. The Petitioner never responds to this argument, and the time to do so has long passed.

## THE LAW

Although the (mostly incomprehensible) Petition doesn't even purport to assert a cause of action under *any* federal statute, the Court will construe it as arising under 28 U.S.C. § 2241, because, in it, the Petitioner challenges the execution of her sentence. *See Gorrell v. Hastings*, 541 F. App'x 943, 945 (11th Cir. 2013) ("A § 2241 habeas petition is the appropriate vehicle to bring challenges to the execution of sentence."). This "custody requirement" does not require "physical restraint"—only a "significant restraint" on one's liberty "that is not shared by the general public." *Blanco v. Florida*, 817 F. App'x 794, 796 (11th Cir. 2020) (citing *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015)). In other words, "[t]he custody requirement may be met where a . . . petitioner is on probation, parole, or bail." *Id.* (citing *Duvallon v. Fla.*, 691 F.2d 483, 485 (11th Cir. 1982)).

Since the Petitioner is "in custody," her Petition must meet the strictures of § 2241. As relevant here, "[h]abeas petitions filed under 28 U.S.C. § 2241 by state prisoners 'in custody pursuant to the judgment of a State court' are subject to the additional limitations of 28 U.S.C. § 2254 petitions." *Gaines v. Att'y Gen., Fla.*, 788 F. App'x 623, 627 (11th Cir. 2019) (quoting

---

The courts have held that in the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail."); *Fisher v. Moore*, 789 So. 2d 431, 432 (Fla. 4th DCA 2001) ("[The petitioner] claims that the Department of Corrections and the Florida Parole Commission improperly structured the consecutive sentences in his two cases, resulting in his conditional release term for the first crime being served at the end of both consecutive prison sentences. The circuit court found that Fisher had failed to show that he had exhausted his administrative remedies and dismissed the petition without prejudice to do so . . . . Due to this unexcused failure to exhaust administrative remedies, the circuit court properly dismissed his habeas petition without prejudice to seek administrative relief.").

*Medberry v. Crosby*, 351 F.3d 1049, 1062 (2003)); *see also Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner—*i.e.*, if he is in custody pursuant to the judgment of a State court—then we must apply its requirements to him.") (cleaned up); 28 U.S.C. § 2254(a)–(b) (providing that § 2254 applies to any "person in custody pursuant to the judgment of a state court").

Under § 2254(b)–(c), habeas petitioners must exhaust their administrative remedies before advancing their claims in a federal habeas petition. *See Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) ("Generally, in order to bring a § 2254 habeas corpus petition in federal court, a petitioner must exhaust all state court remedies."). A petitioner satisfies this requirement only if she "fairly present[ed] every issue raised in [her] federal petition to the state's highest court[.]" *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (cleaned up). "If a petitioner fail[ed] to 'properly' present [her] claim to the state court—by exhausting [her] claim[] and complying with the applicable state procedure—prior to bringing [her] federal habeas claim, then [§ 2254] typically bars [courts] from reviewing the claim." *Id*.

Even if § 2254's procedural requirements did not apply here—and they do—the Petitioner would still have to exhaust her administrative remedies under § 2241. While the text of § 2241 doesn't require exhaustion, an "administrative-exhaustion requirement was judge-made"—and is thus "a requirement [for habeas petitioners]; it's just not a jurisdictional one." *Davis*, 661 F. App'x at 562 (citing *Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015)). To satisfy this (additional) exhaustion requirement, a habeas petitioner "must comply with an agency's deadlines and procedural rules." *Id.* at 562; *see also Shorter v. Warden*, 803 F. App'x 332, 336 (11th Cir. 2020) ("In general, a § 2241 petitioner must exhaust *available* administrative remedies before [she]

can obtain relief in federal court." (citing *Santiago-Lugo*, 785 F.3d at 474–75)) (emphasis added).

Lastly, "it is the petitioner's burden to establish his right to habeas relief, and he must prove all facts necessary to show a constitutional violation." *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010) (cleaned up).

## ANALYSIS

As a preliminary matter, as we've discussed, the Petitioner is "in custody" for purposes of this Petition. *See Blanco*, 817 F. App'x at 796 ("The custody requirement may be met where a § 2254 petitioner is on probation, parole, or bail."); *see also Oliver*, 2009 WL 1149289, at *5 ("Moreover, although released from confinement on conditional release supervision, Oliver remains 'in custody' for federal habeas corpus purposes. The courts have held that in the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail." (citing *Hensley v. Muni Ct.*, 411 U.S. 345, 349 (1973))); *cf. Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("Dill, likewise, is in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency [revoking his parole] instead of a court.").[3]

And, the Respondent says, the Petitioner never exhausted her available administrative remedies. *See* Response at 12–14. The Petitioner never responds to this argument, *see generally* Pet; Docket (showing the Petitioner never filed a Reply)—and so, she has waived the point, *see e.g.*, *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571

---

[3] *Compare Howard*, 776 F.3d at 776 (holding that the appellant was not in custody on a "dead-docketed" indictment that "[did] not currently subject Mr. Howard to any reporting requirements, or limit his ability to work, travel, or reside where he pleases").

F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) ("A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions."). And, since it was indisputably her burden to establish exhaustion, this omission is fatal to her claim. *See Williams*, 598 F.3d at 788 ("[I]t is the petitioner's burden to establish his right to habeas relief, and he must prove all facts necessary to show a constitutional violation.").

In any case, the record contains no evidence from which this Court might infer that the Petitioner did exhaust her available remedies. To exhaust her administrative remedies, a petitioner must file a formal grievance with the FDOC and then "appeal the result of a formal grievance to the Office of the Secretary [for FDOC.]" *Hoever v. Fla. Dep't of Corr.*, 156 So. 3d 543, 544 (Fla. 1st DCA 2015). If the FDOC denies this grievance (and the appeal), Florida law allows a state probationer to challenge that denial in state court. *See Bush v. State*, 945 So. 2d 1207, 1210 (Fla. 2006) ("When challenging a sentence-reducing credit determination by [FDOC], such as a gain time or provisional release credit determination, *once a prisoner has exhausted administrative remedies*, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition.") (emphasis added); *see also id.* ("[I]f the prisoner alleges entitlement to immediate release, a petition for writ of habeas corpus is the proper remedy; whereas if the prisoner does not allege entitlement to immediate release, a petition for writ of mandamus is the proper remedy.").

The Petitioner never alleges that she filed a formal grievance with the FDOC, never claims to have appealed the denial of any such grievance through the FDOC's appellate process, and

never explains why she failed to do these things.[4] In other words, she either failed to rebut the Respondent's affirmative defense or has conceded that she failed to exhaust her available administrative remedies. Either way, her Petition must be **DENIED**. *See Davis*, 661 F. App'x at 563 ("[B]ecause the failure to exhaust administrative remedies is no longer a jurisdictional prerequisite to suit, we construe the district court's dismissal as a *denial* . . . .") (emphasis added).

One last thing: the Petitioner hasn't asked for a certificate of appealability, and this Court wouldn't grant her one anyway, because no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"—nor would any such jurists "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Thomas*, 371 F.3d at 788 ("We apply our decision in *Medberry v. Crosby,* 351 F.3d 1049 (11th Cir. 2003), and hold that Appellant's petition [challenging denial of parole] is subject to both § 2241 and § 2254. The district court therefore did not err in applying § 2254 to Appellant's petition.").

\*\*\*

Having carefully reviewed the Petition, the record, and the governing law, the Court hereby **ORDERS and ADJUDGES** that the Petition is **DENIED** for failure to exhaust administrative remedies.

---

[4] The Petitioner likewise does not say whether, after any such denial, she filed an original proceeding in state court—as she was permitted to do. Nevertheless, because the Petitioner was banned from making any further challenges to her conviction and sentence in state court, *see* September 2017 State Court Order at 507–08, the Court will not penalize her for this failure. It's sufficient for our purposes to say that, though she was never banned from filing a grievance with the FDOC, she nevertheless failed to do so. *See Shorter*, 803 F. App'x at 336 (noting that exhaustion of *available* remedies is generally required); *Mason*, 605 F.3d at 1119 (holding that, to (properly) exhaust administrative remedies, petitioner must have complied with all applicable state procedures).

The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, any request for a certificate of appealability is **DENIED**, and all pending deadlines and hearings are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of November 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Golden Vasquez
      4141 NW 75 Terrace
      Lauderhill, FL 33319
      PRO SE

      Deborah Koenig
      Office of the Attorney General
      1515 North Flagler Drive, Suite 900
      West Palm Beach, FL 33401
      561-837-5025 ext 172
      Email: deborah.koenig@myfloridalegal.com

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com